1

2

3

4

5                        UNITED STATES DISTRICT COURT

6                             DISTRICT OF NEVADA

7                                    * * *

8    ARTURO TORRES OCHOA,                    Case No. 3:15-cv-00099-MMD-VPC

9                           Plaintiff,                ORDER

10          v.

11   T. EDWARDS et al.,

12                          Defendants.

13   **I.      DISCUSSION**

14          Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights

15   complaint pursuant to 42 U.S.C. § 1983 and a partial application to proceed *in forma*

16   *pauperis*. (Dkt. no. 1-1, 1-2.)  However, on at least three (3) occasions, the Court has

17   dismissed civil actions commenced by Plaintiff while in detention as frivolous or for

18   failure to state a claim upon which any relief may be granted.[1]

19          Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior

20   occasions, while incarcerated or detained in any facility, brought an action or appeal in a

21   court of the United States that was dismissed on the grounds that it is frivolous,

22   malicious, or fails to state a claim upon which relief may be granted," he may not

23   proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance

24   unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

25

26          [1]*See Ochoa v. Cook et al.*, 3:02-cv-450-LRH-VPC; *Ochoa v. Willis et al.*, 3:02-cv-
     545-ECR-VPC (both dismissed for failure to state a claim upon which relief may be
27   granted); *Ochoa v. Putter et al.*, 3:10-cv-364-HDM-RAM (dismissed as delusional and
     factually frivolous). The Court takes judicial notice of its prior records in the above
28   matters.

1   In his complaint, Plaintiff appears to allege his dissatisfaction with the prison

2   food. (*See generally* dkt. no. 1-1.) The Court finds that these allegations fail to plausibly

3   allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v.*

4   *Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g)

5   applies if the complaint makes a plausible allegation that the prisoner faced imminent

6   danger of serious physical injury at the time of filing). To the extent that Plaintiff is

7   alleging that prison officials are poisoning his food, the Court notes that Plaintiff has filed

8   several complaints in the past making those same allegations and that the Court finds

9   that such allegations are delusional and factually frivolous. As such, Plaintiff must pre-

10   pay the $400.00 filing fee in full.

11   **II.     CONCLUSION**

12   For the foregoing reasons, it is ordered that Plaintiff's partial application to

13   proceed *in forma pauperis* (dkt. no. 1-2) is denied.

14   It is further ordered that this action will be dismissed without prejudice unless

15   Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

16   It is further ordered that the Clerk of the Court shall send Plaintiff two (2) copies

17   of this order. Plaintiff shall make the necessary arrangements to have one (1) copy of

18   this order attached to the check paying the filing fee.

19   It is further ordered that the Clerk of the Court shall retain the complaint (dkt. no.

20   1-1).

21

22   DATED THIS 19th day of February 2015.

23   _____

24   MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

25

26

27

28

2